UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DONALD MALLORY,

        Plaintiff,               Case No. 1:15-cv-1090

v.                                       Honorable Gordon J. Quist

BARACK OBAMA et al.,

        Defendants.
_____/

## OPINION

Plaintiff brings a civil action that purports to be a petition for declaratory judgment and to enforce a trust. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

## Factual Allegations

Plaintiff Donald Eugene Mallory presently is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility. He currently is serving a term

of life imprisonment, imposed by the Wayne County Circuit Court on April 1, 1987, after Petitioner was convicted by a jury of first-degree murder. Plaintiff sues President Barack Obama, Attorney General Loretta Lynch, and Rosa Rice, an alleged trustee.

Plaintiff alleges that he is a pre-1933 private American national named Donald Eugene Mallory, who is the beneficiary of a business trust in the name of DONALD EUGENE MALLORY, which was created by his mother at birth with the issuance of his social security number. He contends that, as the beneficiary of the business trust, he is entitled to have all property held in trust for DONALD EUGENE MALLORY under his social security number be transferred to Donald Eugene Mallory and the funds used to extinguish his debts to the Wayne County Circuit Court under the action for which he is confined. Upon payment of such debts, Plaintiff demands release of the body of Donald Eugene Mallory, which ostensibly is held as collateral for the debt. He also demands that the remainder of the funds be transferred to him by debit card or the equivalent, with a minimum daily balance of $100,000.00 for his enjoyment and use. Plaintiff attaches to his complaint a copy of pseudo-trust documents, as well as numerous so-called notices, claims, affidavits, declarations, demands, releases, and other evidence of Plaintiff's prior demands for transfer of the trust property to Donald Eugene Mallory, a private citizen. Plaintiff references the Emergency Banking Relief Act of 1933 or the Trading With the Enemy Act of 1917, as the legal authority for his claims.

## Discussion

I. Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or

rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

Plaintiff's complaint is patently frivolous. The issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name, and it certainly did not turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of 1933 or the Trading With the Enemy Act of 1917. Moreover, Plaintiff cannot bind the government to his fictitious notions and nonsensical private trust documents by demanding a rebuttal within 30 calendar days. The courts repeatedly have rejected such "redemptionist and sovereign citizen" arguments as utterly frivolous. *See, e.g., Bey v. Butzbaugh*, No. 1:13-cv-1173, 2014 WL 5149931, at *4 (W.D. Mich. Oct. 14, 2014) (citing *Muhammad v. Smith*, No. 3:13–cv–760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of

court resources.") (collecting cases)). Accordingly, the Court will dismiss Plaintiff's action because it is frivolous.[1]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: November 30, 2015                    /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Plaintiff seeks release from incarceration, his claim also fails because it is not properly considered in this action. Where a prisoner challenges the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court notes, however, that Plaintiff previously has filed two habeas corpus actions in the Eastern District of Michigan, the first of which was voluntarily dismissed, *see Mallory v. Burt*, No. 2:92-cv-71453 (E.D. Mich. June 29, 1992), and the second of which was dismissed following review of the entire record, *see Mallory v. Rivers*, No. 5:94-cv-60284 (E.D. Mich. Oct. 31, 1995). The Sixth Circuit also has denied Plaintiff's subsequent requests to file a second or successive petition. *See In re Mallory*, No. 05-1803 (6th Cir. Oct. 26, 2005); *In re Mallory*, No. o1-2011 (6th Cir. Jan. 28, 2002).